IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUINN AARON KLEIN<br>a/k/a/ AARON Q. KLEIN,<br><br>Plaintiff,<br><br>v.<br><br>C. CHESTER, Warden, et al.,<br><br>Defendants. | ) | CIV-12-33-HE |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints filed by prisoners *in forma pauperis.* 28 U.S.C. § 1915(e)(2). On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Analysis

According to the public records of the Oklahoma Department of Corrections ("DOC"), Plaintiff is currently incarcerated at the Lawton Correctional Facility ("LCF") in Lawton, Oklahoma, serving a seven year term of imprisonment for the offense of Burglary in the Second Degree. http://www.doc.state.ok.us/ (docket sheet for Aaron Q. Klein a/k/a

Quinn A. Klein last accessed on February 22, 2012).[1]

According to the records of this Court, Plaintiff also has a federal conviction entered in this Court for wire fraud. United States v. Klein, Case No. CR-05-101-C. In that proceeding, Plaintiff pled guilty to a charge of conducting a fraudulent internet-based sports and concert ticket sales operation, and he was sentenced to a 27-month term of imprisonment followed by a three-year term of supervised release and $21,882.06 in restitution. Plaintiff most recently filed on January 17, 2012, a motion to vacate his sentence under 28 U.S.C. § 2255 in this criminal proceeding, in which he sought a reduction in the term of his supervised release and a waiver of the restitution portion of the judgment. The motion was denied in an Order and Judgment entered January 31, 2012, by United States District Judge Cauthron.

Plaintiff has also brought multiple civil rights actions in this Court. In a previous 42 U.S.C. § 1983 action filed in this Court, which is pending pursuant to a 28 U.S.C. § 636(b)(1)(B) referral before United States Magistrate Judge Robert Bacharach, Plaintiff has sued nineteen Defendants seeking damages for claims, *inter alia*, related to the conditions of his confinement at the Cimarron Correctional Facility. See Klein v. Corrections Corporation of America, Case No. CIV-11-956-M. In a motion seeking an extension of time filed in that action on December 29, 2011, Plaintiff indicated that he had recently been transferred to the Lawton Correctional Facility.

In the instant action filed by Plaintiff on January 9, 2012, Plaintiff names as

[1]According to this same record, Plaintiff has multiple prior felony convictions and one consecutive sentence for a felony bogus check conviction to serve in the future.

Defendants (in their official capacities as identified by Plaintiff) LCF Warden Chester, LCF Deputy Warden Whitten, LCF Law Library Supervisor Frazier, LCF Mail Room Supervisor Holsten, LCF Trust Fund Supervisor Brady, LCF Executive Administrator Gibson, GEO, Inc. (the corporate owner of LCF, a private prison), and Keefe, Inc, the commissary provider for LCF.

A. Warden Chester

Plaintiff's allegations appearing in the Complaint with respect to LCF Warden Chester are that: "C.Chester is Warden [and] CEO of [LCF] and responsible for operations. Plaintiff has attempted to contact him via DOC Policy - Request to Staff form. He has failed to respond within Policies [sic] 10 days." Complaint, at 10. Plaintiff also alleges he "attempted to contact [Defendant Chester but received] no response." Id.

Because "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability," Polk County v. Dodson, 454 U.S. 312, 325 (1981), personal participation is an essential element of a §1983 action seeking damages from a defendant in his or her individual capacity. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1993)(quotation omitted); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-1263 (10th Cir. 1976). Plaintiff has sued Defendant Chester only in his supervisory capacity as the Warden of the prison. To establish a § 1983 claim for damages against a supervisor, the plaintiff "must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302

(10th Cir.1997) (quotations omitted). Accord, Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). Neither Defendant Chester's status as the warden of the prison or his failure to timely respond to an inmate grievance provide the necessary affirmative link to state a claim for relief under 42 U.S.C. § 1983 against this Defendant. Therefore, Plaintiff's cause of action against Defendant Chester should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

B. Count One - Legal Mail Opened Before Delivered

In count one, Plaintiff alleges the following claim: "Opening of Legal Mail before getting to offenders out of their presence, Due Process." Complaint, at 4. As support for this claim, Plaintiff alleges that Defendant Hosten "either did or allowed my legal mail forwarded from [CCF] to be opened, not logged, not signed for by Plaintiff on 12-12-11." Complaint, at 11. As supporting facts for this claim, Plaintiff refers to "attached envelopes." With his exhibits attached to the Complaint, Plaintiff has provided a copy of an envelope bearing a hand-written notation that it was "Received at 9:00p [sic] opened by LCF. 12/12/11." Complaint, Ex. 1, at 29. This envelope indicates it was addressed to Plaintiff at his previous place of confinement, CCF, and the envelope indicates it was sent to Plaintiff by this Court.

Plaintiff has not alleged that the single instance in which he received a piece of legal mail that had originally been delivered to a different prison and had been opened caused him any harm, and he has alleged only an isolated instance in which his legal mail was opened outside of his presence. For these reasons, this claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim of constitutional

deprivation.

C. Delay in Receipt of Legal Mail

Plaintiff also alleges in the Complaint that on December 20, 2011, he received two pieces of legal mail that had been stamped as received on December 14, 2011. Plaintiff alleges that the mail was not delivered for 6 to 8 days after it was received and that the "log book at Defendant [sic] Mail room will clearly show signed for [sic]." Complaint, at 10. Plaintiff has failed to allege the requisite participation of any named Defendant in this allegation of delayed receipt of legal mail. See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Nor has Plaintiff alleged any actual injury as a result of the alleged delayed receipt of legal mail. See Lewis v. Casey, 518 U.S. 343, 351 (1996)("Insofar as the right vindicated by *Bounds* is concerned . . . the inmate . . . must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). For these reasons, this claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim of constitutional deprivation.

D. Delay of Access to Funds

In count two, Plaintiff alleges in cryptic fashion that "funds sent [to him] by family members" were not credited to him in a timely manner. He points to an attached "personal letter [and] print out" as factual support, and he also alleges the "funds" were received January 5, 2012. This allegation fails to state a cognizable claim for an actual, intentional

deprivation of personal property under 42 U.S.C. § 1983. Cf. Daniels v. Williams, 474 U.S 327, 328 (1986)(Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). Therefore, this claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim of constitutional deprivation.

E. Retaliation

In count three of the Complaint, Plaintiff alleges that he is entitled to relief under 42 U.S.C. § 1983 because someone was "[t]old to retalliate against plaintiff for quoting law [and] rules." Complaint, at 4. As supporting facts, he asserts that on January 4, 2012, he asked Defendant Frazier why she "den[ied] me copies of legal documents" and "why she chooses to come to my cell door" and "she stated [her] supervisor told [her] to single [Plaintiff] out for [expletive] with me." Defendant Frazier allegedly identified her supervisor as Defendant Gibson. Complaint, at 4.

To assert a claim of unconstitutional retaliation, a plaintiff must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010)(internal quotation omitted). See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)("An inmate claiming retaliation must allege *specific* facts showing retaliation because of the exercise of the prisoner's constitutional rights.")(quotations omitted). Plaintiff has not alleged specific facts showing either protected activity or retaliatory actions by either Defendant Frazier or Defendant Gibson. Therefore, this claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a

claim upon which relief may be granted.

F. Commissary Costs

In count four, Plaintiff alleges only that "costs are so outrageous on commissary (EG 60¢ plus tax for a non name soup (Ramen Noodle))." Complaint, at 6. Commissary access is a privilege, not a right, and this allegation fails to state a cognizable claim for relief under 42 U.S.C. § 1983. See Rodriguez v. General Counsel for Federal Bureau of Prisons, 315 Fed.Appx. 79, 80, 2009 WL 485032, * 1 (10th Cir. Fed. 27, 2009)(unpublished order)(holding 60-day denial of commissary and telephone privileges as disciplinary sanction did not create protected liberty interest). Therefore, this claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

G. Various Allegations of Denial of Access to Courts

In his Complaint, but not specifically alleged as separate claims, Plaintiff alleges (1) on 12/19/11 Plaintiff was denied copies of legal documents because he is an indigent inmate . . . .," (2) on December 20, 2011, he was "denied case law [and] copies by Law Library Officer due to being indigent," (3) his recent request of documents needed to seek *in forma pauperis* status were delayed by the LCF trust fund administrator for an unidentified period of time, and (4) "[i]ndigent offenders never received ind[igent] supplies on House 1 for Dec. 2012." Complaint, at 10. With these allegations, Plaintiff has not alleged any actual injury as required by Lewis v. Casey, supra, as a result of these various deprivations/delays. Indeed, the Court's records reflect that Plaintiff was able to file pleadings in his other pending § 1983 action in December 2011, and he was able to file pleadings in this case and

in his federal criminal case during the month of January 2012.[2] Therefore, these claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted and as frivolous. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 15th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this 24th day of February, 2012.

---

[2] See State Farm Mut. Auto. Ins. Co. v. Boellstorff, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008)(recognizing courts may take judicial notice of documents from the public record).

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE